**Opinion issued September 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00890-CV

———————————

**MARLEN MEJIA BLANCO, Appellant**

**V.**

**LORENZO BETANCOURT, Appellee**

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-00120**

---

## MEMORANDUM OPINION

Appellant, Marlen Mejia Blanco, filed a notice of appeal from the trial court's August 26, 2022 Final Decree of Divorce. On the motion of appellant, the Court abated this appeal for referral to mediation. After being notified by the mediator chosen by the parties that the outstanding issues had been settled at mediation, the

parties did not move to dismiss their appeal. Accordingly, on August 13, 2024, the Court directed the parties to file a motion to reinstate and dismiss the appeal, or if there remained outstanding issues on appeal, to file a motion to reinstate, at which point the Court would set a briefing schedule.

In response to the Court's notice, on August 20, 2024, appellant filed an "Agreed Motion to Reinstate After Abatement for Mediation." In the motion, signed by counsel for both appellant and appellee, Lorenzo Betancourt, the parties confirmed that an agreement was reached at mediation. Further, while the motion requested that the appeal "be reinstated on the [Court's] docket," the parties did not seek dismissal of the appeal. On September 5, 2024, the Court granted the motion and reinstated the appeal on the Court's active docket.

The parties subsequently filed a "Joint Motion to Dismiss Appeal." In their motion to dismiss, the parties represented that they had "reached an agreement to settle and compromise their differences" in the underlying trial court cause. The parties therefore requested that the Court dismiss their appeal and "render judgment effectuating the parties' agreement." *See* TEX. R. APP. P. 42.1(a)(2)(A). The parties' motion further requested that "[c]osts on appeal should be paid by each party who bore them."

No other party has filed a notice of appeal, and no opinion has issued. *See* TEX. R. APP. P. 42.1(a)(2), (c). The motion to dismiss is signed by counsel for both parties.

Accordingly, we grant the parties' motion, dismiss the appeal, and render judgment in accordance with the agreement of the parties. *See* TEX. R. APP. P. 42.1(a)(2)(A). We direct the Clerk of this Court that costs are to be taxed against the party incurring the same. *See* TEX. R. APP. P. 42.1. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Goodman and Guerra.